■ FREDERICK HOEKSTRA, Respondent, v JAMES B. HILDERBRAND, INC., Appellant, et al., Defendants.—Appeal from an order of the County Court of Schenectady County, entered October 22, 1975, which denied the motion of defendant, James B. Hilderbrand, Inc., to vacate a default judgment entered against it in the sum of $1,211.27 on June 4, 1975 in Schenectady County. Seeking the foreclosure of a mechanic's lien for work and materials which he allegedly provided for the improvement of real property owned by defendant, plaintiff commenced the underlying action herein in 1972. On May 19, 1975, the case was finally marked "ready" for trial, but when it was reached for trial on May 20 or 21, it was adjourned at the request of defendant's attorneys and given a day certain of June 2, 1975. On June 2, however, defendant's attorneys sought permission to withdraw from the case because of an alleged disagreement with their client, and the court denied their last minute request and ruled that the trial would go forward that day. Although the attorneys for both parties were ready to proceed at that time, defendant refused to participate in any trial that day and left the courthouse after the situation had been explained to him by the court. Later that day an inquest was held and a default judgment granted in favor of plaintiff. On this appeal, defendant seeks a reversal of the order denying its motion to vacate, but we hold that the trial court's action must be sustained. To prevail on its motion, defendant must establish a justifiable excuse for its default (Owczarkowski v Pawlicki, 35 AD2d 773), and this it has failed to do. In addition to the circumstances immediately preceding the grant of the default judgment set forth above, earlier in this case a default judgment was entered against defendant for failure to answer the complaint and subsequently vacated upon defendant's filing of an undertaking. Thereafter, defendant failed to appear at an examination before trial until a court order compelled it to do so. On such a record as this, replete with many instances of inadequately explained delays caused by defendant, the denial of the motion to vacate was proper and should not be disturbed. Order affirmed, with costs to plaintiff. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.